**William H. KEOHANE, Plaintiff-Appellant,**

v.

**SWARCO, INC., Amerace, Inc., Morton G. Nussbaum, Fred C. Ward, Herbert Loewy, William C. Loughley, and Joseph Halberstein, Defendants-Appellees.**

Nos. 15284, 15562.

United States Court of Appeals
Sixth Circuit.

March 11, 1964.

Sidney D. L. Jackson, Jr., Cleveland, Ohio (James P. Garner, John C. Little,

Cleveland, Ohio, on the brief; Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel), for appellant.

George M. Austin and George Muller, Cleveland, Ohio (Harry C. Nester, Cleveland, Ohio, Joseph Halberstein, Marion, Ohio, Fred Danziger, Cleveland, Ohio, on the brief; Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, of counsel), for appellees.

Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

These two appeals were consolidated in our Court. They involve issues arising out of a trial in the United States District Court for the Northern District of Ohio, Eastern Division. A motion to dismiss appeal No. 15284 was denied. Keohane v. Swarco, Inc., 6 Cir., 320 F.2d 429. The parties will be referred to as plaintiff and defendants.

The plaintiff, a resident of Massachusetts, filed a complaint in the District Court seeking to recover a judgment for damages in the amount of $370,340, with interest, from April 20, 1961. The defendants are Amerace Corporation, a Delaware corporation doing business in Ohio, Swarco, Inc., an Ohio corporation, and Morton G. Nussbaum, Fred C. Ward, Herbert Loewy, William C. Loughley and Joseph C. Halberstein, all of whom are officers and directors of Swarco. The subject of plaintiff's claim for damages is the amount he claims he would have received in commission had Swarco, Inc., been sold to The Eaton Manufacturing Company instead of to Amerace, Inc.

Briefly stated, the facts are as follows: The plaintiff approached the defendant Nussbaum and indicated that he knew certain persons who might be interested in purchasing Swarco. Mr. Nussbaum advised him that the company was not for sale but that it could be bought. Mr. Nussbaum told the plaintiff that the company would pay no commission or expenses and that if an offer of $30 per share net were made he would submit it to the directors. The plaintiff was also told that Mr. Nussbaum had no authority to solicit offers or brokers. Subsequently, Mr. Nussbaum advised the plaintiff not to proceed any further in trying to make a sale of Swarco. At about this time, August, 1960, plaintiff informed the defendants, other than Amerace, that The Eaton Manufacturing Company was interested in the purchase of Swarco.

The Eaton Company started an investigation of Swarco which continued at intervals from August, 1960, until about the 11th of April, 1961. The Eaton Company had engaged an outside consultant to make a market survey which was not complete in early April. On April 11th, the plaintiff called the defendant Nussbaum in Florida and asked for an extension of time until April 20th for Eaton to submit an offer. Mr. Nussbaum consented but immediately called for the defendant Ward and found that he was in New York. He then called Ward in New York and was advised by him that Amerace, Inc. had entered into an agreement for the purchase of Swarco. Mr. Nussbaum told Mr. Ward to notify Eaton immediately. Within the hour Ward called Eaton and informed it of the sale. Eaton then discontinued its activities relating to the possible purchase of Swarco.

The plaintiff's right to recover is predicated upon the alleged formation of three contracts growing out of the communications between the plaintiff and the defendant Nussbaum. These alleged contracts are: 1. an exclusive agency contract between Swarco and plaintiff authorizing the plaintiff to sell the company, 2. a contract between the plaintiff and the Eaton Company whereby Eaton would pay him a commission of fifty cents per share of Swarco's stock for making the sale, and 3. a contract between Swarco and Eaton whereby Swarco agreed to hold the sale open until April 20th for Eaton to make an offer. This last agreement was described as an option until April 20th to make an offer. It is claimed by the plaintiff that if Swarco had not breached this last agreement he

would have made the sale and earned his commission.

The plaintiff charges in his complaint that he was a beneficiary to the alleged contract that the sale would be held open until April 20th to permit Eaton to make an offer. Counsel for the plaintiff abandoned this theory in the oral argument and relied upon a tortious interference with the contract to the damage of plaintiff. Facts are alleged in the complaint which would support such a theory.

The case was tried to the court without a jury and a judgment was rendered in favor of the defendants. The trial judge wrote an opinion in which he made findings of fact and stated his legal conclusions. The opinion is reported at Keohane v. Swarco, Inc., D.C., 211 F.Supp. 256.

The facts are not much in dispute and there is substantial evidence to support the findings of the trial judge. The facts not being clearly erroneous we are bound by them. Rule 52(a), F.R.Civ.P.

The court concluded that there was no contract between plaintiff and defendant Swarco or any of its officers and directors whereby the plaintiff was given an exclusive agency to sell Swarco. The court also found that Eaton never entered into a final or definite contract with the plaintiff for the payment of a commission. The court further found that there was no binding agreement between Eaton and Swarco giving Eaton an option until April 20th to make an offer. The findings of fact support these conclusions and we are in accord with them.

The plaintiff having failed to establish any of the basic contracts upon which his claim is based must fail in his effort to recover damages.

We find no merit to the question presented by plaintiff's supplemental brief that the trial judge erred in denying plaintiff's motion for amended and additional findings of fact.

The judgment of the District Court is affirmed.