870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul F. STEIN, Defendant-Appellant.
 No. 88-5911.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges and BARBARA K. HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Paul Stein appeals from the sentence imposed following his convictions for unlawfully importing a controlled substance, 21 U.S.C. Sec. 952(a), and for the unlawful possession of a controlled substance with intent to distribute, 21 U.S.C. Sec. 841(a)(1).
 
 I.
 
 2
 On March 10, 1988, the federal grand jury for the Western District of Tennessee returned a two-count indictment charging Stein with unlawfully importing five and one-half ounces of cocaine into the United States and with unlawfully possessing the cocaine with intent to distribute. The jury trial was held beginning on May 23, 1988, and on May 24, 1988, the jury returned a guilty verdict as to both counts.
 
 
 3
 Prior to sentencing, a presentence report was prepared by the United States Probation Office. The report contained the necessary information for pronouncing sentence under both the guidelines promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984, as amended, 28 U.S.C. Secs. 991-98 ("the guidelines") and preguidelines law. On July 15, 1988, Stein appeared before the district court for sentencing. He was advised that two sentences would be pronounced. Having previously declared the sentencing guidelines unconstitutional in United States v. Thomas, 87-20218-G (W.D.Tenn. June 7, 1988), the district court sentenced Stein under preguidelines law to a period of incarceration of two years followed by a special parole term of three years as to Count II and a probationary period of three years as to Count I. The district court then pronounced what Stein's sentence would be under the guidelines: two concurrent sentences of thirty months incarceration followed by a three-year period of supervised release.
 
 
 4
 Stein was advised by the district court that if the guidelines were held constitutional by the United States Supreme Court, then the guidelines sentence would take effect and a new judgment and commitment order would be entered. On July 25, 1988, the judgment as to the non-guideline sentence was entered. This timely appeal followed.
 
 
 5
 Subsequent to the briefs having been filed in this case, the Supreme Court declared the guidelines constitutionally valid. Mistretta v. United States, 109 S.Ct. 647 (1989). On February 17, 1989, the district court entered a second judgment nunc pro tunc imposing the alternate guidelines sentence.
 
 II.
 
 6
 In Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), the Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." The holding in Griggs confirmed what had long been the practice in this circuit. As we noted in First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (1979), "[f]iling of a notice of appeal operates to transfer jurisdiction of a case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal." Id. at 345 n. 1. The only exceptions to the divesting of jurisdiction of a district court by an appeal are when the "appeal is untimely, ... an appeal from a nonappealable non-final order, or [the appeal] raises only issues that were previously ruled upon in that case by the appellate court." Rucker v. United States Dept. of Labor, 798 F.2d 891, 892 (6th Cir.1986). Thus, any action of a district court pertaining to matters involved in the appeal is considered null and void and will be vacated. Id.; Keohane v. Swarco, Inc., 320 F.2d 429, 432 (6th Cir.1963), aff'd, 328 F.2d 615 (6th Cir.1964).
 
 
 7
 In this case, the judgment entered on July 25, 1988, was final and appealable, and a timely appeal to this court perfected, thereby divesting jurisdiction from the district court. Therefore, the district court was without jurisdiction to enter on February 17, 1989, its judgment nunc pro tunc which had the effect of vacating a judgment currently pending before this court. The judgment nunc pro tunc is simply a nullity.
 
 
 8
 Accordingly, the only judgment existing in this case is the judgment entered on July 25, 1988. Since the defendant was erroneously sentenced under preguidelines law, that judgment must be vacated and this matter remanded to the district court for appropriate proceedings.
 
 
 9
 Stein also urges this court to instruct the district court to require his presence, pursuant to Rule 43 of the Federal Rules of Criminal Procedure, when a judgment and conviction order sentencing him pursuant to the guidelines is entered on remand. However, that issue is not ripe for appellate review at this time. We do not render advisory opinions. See Fletcher v. Housing Auth. of Louisville, 525 F.2d 532, 534 (6th Cir.1975); see also Muskrat v. United States, 219 U.S. 346, 356 (1911); In re Michaelson, 511 F.2d 882, 893 (9th Cir.), cert. denied, 421 U.S. 978 (1975).
 
 III.
 
 10
 Accordingly, the judgment of the district court is VACATED, and this action is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation