**AT & T CORP., a New York corporation, Plaintiff,**

v.

**VISION ONE SECURITY SYSTEMS, a California general partnership; William F. Woods, an individual; Daniel M. Rohrbassen, an individual; and Paul Siegel, an individual, Defendants.**

No. 95–0565–IEG (BTM).

United States District Court, S.D. California.

Aug. 15, 1995.

James J. Mittermiller, David M. Beckwith, Sheppard Mullin Richter & Hampton, San Diego, CA.

Matthew V. Herron, Meisenheimer and Herron, San Diego, CA.

ORDER GRANTING AT & T'S MOTION TO STAY; GRANTING DEFENDANTS' MOTION FOR TRIAL PREFERENCE; SETTING STATUS CONFERENCE, PRETRIAL CONFERENCE, AND TRIAL DATES [DOC. ## 34, 40]

GONZALEZ, District Judge.

Plaintiff AT & T Corporation's motion to dismiss or stay counterclaims pending arbitration and defendants Vision One, William F. Woods, Daniel M. Rohrbassen, and Paul Siegel's motion for trial preference came on regularly for hearing on August 14, 1995 before the Honorable Irma E. Gonzalez. James J. Mittermiller of Sheppard, Mullin, Richter & Hampton appeared on behalf of plaintiff; Matthew V. Herron of Meisenheimer & Herron appeared on behalf of defendants.

## BACKGROUND

On April 28, 1995, plaintiff AT & T Corporation ("AT & T") filed a complaint for damages and injunctive relief against defendants Vision One Security Systems, a California general partnership, William F. Woods, Daniel M. Rohrbassen, and Paul Siegel (collectively referred to as "defendants" or "Vision One"). AT & T claims that Vision One's license to use AT & T's trade name and trademarks has been terminated; nonetheless, Vision One continues to hold itself out as an authorized AT & T dealer and use the name and marks in its advertising, promotion, and marketing. AT & T asserts five claims for relief: (1) violation of the Lanham Act by use of false designation of origin; (2) trademark infringement in violation of 15

U.S.C. § 1114(1); (3) trade name infringement; (4) unfair business practices in violation of Cal.Bus. & Prof.Code § 17200; and (5) breach of contract.

On May 30, 1995, Vision One answered AT & T's complaint and counterclaimed against it. Vision One states four claims against AT & T: (1) interference with contract; (2) interference with prospective economic advantage; (3) intentional misrepresentation; and (4) misrepresentation in offer and sale of franchise.

On June 16, 1995, the Court granted AT & T's motion for a preliminary injunction and enjoined Vision One from using in any manner the AT & T trade name and trademark. Defendants have appealed from that order.

## DISCUSSION

Before the court are two motions. Plaintiff AT & T moves to dismiss or stay defendants' counterclaims pending arbitration, and defendants move for trial preference. The Court will address plaintiff's motion first.

## I. PLAINTIFF'S MOTION TO DISMISS OR STAY PENDING ARBITRATION

Relying on the dispute resolution provisions of the Dealer Agreement between Alliance Systems Corporation ("Alliance") and Vision One, AT & T seeks dismissal or stay of Vision One's counterclaims pending arbitration. If the arbitration provision is binding on disputes between AT & T and Vision One, dismissal or stay of some of AT & T's claims may also be appropriate.

Vision One opposes any stay or dismissal of its counterclaims; it argues that the arbitration provision may not be enforced by AT & T, that AT & T has waived arbitration, that Vision One's counterclaims are not subject to arbitration, and that the Dealer Agreement is illegal and therefore the arbitration clause is unenforceable.

1. If the amount in controversy does exceed $1 million, "the parties (and AT & T if applicable) may mutually agree in writing to submit to arbitration in accordance with this Section or the

### A. The Dealer Agreement

The Dealer Agreement contains the following provisions regarding dispute resolution:

> The parties shall follow these dispute resolution processes in connection with all disputes, controversies or claims, whether based on contract, tort, statute, fraud, misrepresentation or any other legal theory (hereinafter collectively "Disputes"), except as otherwise noted, arising out of or relating to the Products furnished pursuant to this Agreement or acts or omissions of Distributor or AT & T under this Agreement. . . .

(Dealer Agreement at ¶ 25.) The section requires (1) that the parties, including AT & T if applicable, attempt to settle the disputes through negotiation; (2) if that fails, the parties shall engage in mediation in New Jersey under the Commercial Mediation Rules of the American Arbitration Association ("AAA"); and (3) if that fails, and the amount in controversy does not exceed $1 million,[1] the dispute "shall be settled by binding arbitration in New Jersey in accordance with the then current Commercial Arbitration Rules" of the AAA. *Id.* at ¶ 25.1–25.2. In the event of arbitration, the agreement specifically provides that AT & T shall be a party. *Id.* at ¶ 25.2. And the Agreement provides that dispute resolution process is to be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14.

The Dispute Resolution section expressly excepts "[d]isputes relating to Reseller's compliance with the Trademarks Section of this Agreement." (Dealer Agreement at ¶ 25.3.) Regarding its trademark, AT & T expressly reserves the right "to seek injunctive or other judicial relief in a court of competent jurisdiction." *Id.*

Because the Agreement specifically provides that the FAA governs the agreement, any "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74

aggrieved party may commence an action in a court of competent jurisdiction in New Jersey." *Id.* at ¶ 25.2.

L.Ed.2d 765 (1982); *see also Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985) (Courts must "rigorously enforce agreements to arbitrate.") Section 2 provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has interpreted the FAA as clear statement of the liberal federal policy favoring arbitration, and the effect of Section 2 is to create a body of federal substantive law of arbitrability. *Moses H. Cone,* 460 U.S. at 24, 103 S.Ct. at 941.

### B. Whether AT & T May Invoke the Dispute Processes Section of the Dealer Agreement

The Dealer Agreement is between Alliance and Vision One; AT & T is not a signatory or party to this agreement. Therefore, the first question for this Court is whether AT & T is entitled to invoke the Dispute Resolution section of that Agreement.

█ In deciding this issue, the Court finds it need look no further than the clear language of the Dealer Agreement. The Dealer Agreement expressly includes all disputes arising out of or relating to the "acts or omissions of ... AT & T...." *Id.* at ¶ 25. All subparagraphs detailing the dispute resolution process (i.e., negotiation, mediation, and arbitration) explicitly contemplate AT & T as a party and participant in the process. Therefore, the Court finds that it is clear from the language of the Dealer Agreement that the parties intended disputes with AT & T to be subject to the Dispute Resolution section. AT & T is likewise bound to arbitrate disputes with the parties under this provision. Accordingly, the Court finds that AT & T may invoke the Dispute Resolution section, paragraph 25 of the Dealer Agreement.

### C. This Court's Jurisdiction Over the Matter

█ Vision One contends that this Court has no jurisdiction to compel arbitration of the counterclaims or to dismiss them. Because the Dealer Agreement provides that the forum for any arbitration shall be New Jersey, Vision One contends that Section 4 does not allow this court to order arbitration in New Jersey. 9 U.S.C. § 4; *see also Snyder v. Smith,* 736 F.2d 409, 420 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). While Vision One is correct that this court has no authority to order arbitration in New Jersey, Vision One has mischaracterized AT & T's motion. AT & T has not moved or petitioned for an order compelling arbitration either in this district or in New Jersey. Rather, AT & T seeks a stay or dismissal of Vision One's counterclaims pending arbitration.

Section 3 of the FAA provides:

> If any suit ... be brought ... upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved ... is referable to arbitration ..., shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Under this section, this court may properly entertain plaintiff's motion for a stay pending arbitration.

### D. Waiver

Vision One contends that AT & T has waived any right to enforce the arbitration clause or that AT & T is "in default in proceeding" with arbitration (9 U.S.C. § 3); therefore, AT & T's motion should be denied. Vision One claims that by filing this action in this court and seeking both damages and injunctive relief, AT & T waived its right to enforce the arbitration clause. Vision One also contends that AT & T has failed to undertake steps required under the Dispute Resolution section, namely negotiation and mediation.

█ To prove that AT & T has waived it right to arbitrate, Vision One must prove: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with

that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Britton v. Co–Op Banking Group,* 916 F.2d 1405, 1412 (9th Cir.1990). Because of the strong federal policy favoring enforcement of arbitration agreements, waiver is disfavored, and the party attempting to prove a waiver bears a "heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir.1986) (citation omitted).

There is no dispute regarding AT & T's knowledge of its right to arbitrate. Vision One contends that AT & T committed several acts inconsistent with knowledge of that right: (1) filing the instant action and seeking both damages and injunctive relief; and (2) failure to negotiate or mediate in conformance with the provision of the Dispute Resolution section.

■ As discussed above, AT & T's complaint in this matter asserts five claims for relief; four of those five claims relate to Vision One's alleged infringement of AT & T's trade name and trademark. AT & T sought and was granted a preliminary injunction against Vision One to prevent any further infringement. The Dispute Resolution section expressly exempts disputes relating to AT & T's trademark from its purview.[2] Although Vision One attempts to construe AT & T's claims as claims to enforce the termination provisions of the contract[3] rather than claims under the trademarks provisions,[4] the Court finds that all but the breach of contract claim are clearly "[d]isputes relating to Reseller's compliance with the TRADEMARKS Section" of the Dealer Agreement. (Dealer Agreement at ¶ 25.3.) Accordingly, the Court finds that the pursuit of trademark and unfair competition claims[5] is not an act inconsistent with the knowledge of the right to compel arbitration.

Because bringing a trademark action is not inconsistent with the arbitration provisions, the Court finds that discovery and attorneys fees incurred as result of such action are not inconsistent with the arbitration provisions. When the Court denied AT & T's application for a temporary restraining order and issued its order to show cause for a preliminary injunction, the Court granted defendants' request for expedited discovery in connection with the preliminary injunction. (Order Denying Plaintiff's Application ..., filed May 5, 1995.) That order expressly limited the scope of discovery to the issue of the termination of the licensing agreement, which the Court found material to the issue of the preliminary injunction. In connection with this order, each side noticed two depositions and served document requests. This discovery was necessary to the Court's determination of the preliminary injunction motion, which because of its trademark subject mat-

2. "Disputes relating to Reseller's compliance with the TRADEMARKS Section of this Agreement, a violation of which could cause AT & T irreparable harm for which damages would be inadequate, shall be exempt from the dispute resolution process described in this Section. AT & T reserves the right, at any time in its discretion, to seek injunctive or other judicial relief in a court of competent jurisdiction." (Dealer Agreement at ¶ 25.3.)

3. AT & T's claims of trademark infringement and unfair competition are based on the contention that Vision One's Dealer Agreement (which includes its license to use the AT & T name and mark) was terminated February 28, 1995 and that despite this termination, Vision One continued to use the AT & T trade name and trademark. Vision One claims that AT & T's claims are premised on the termination provisions of the Agreement, not trademark rights. However, it is clear that AT & T's desire that Vision One be *terminated arose out its concern over* Vision One's compliance with AT & T's standards governing the use of its trade name and trademark in connection with the marketing and sale of home security systems.

4. The Trademarks section provides, in relevant part: "Dealer may use the AT & T signature and trademarks only for the purpose of advertising and promoting Products provided hereunder, provided such use conforms to AT & T's standards and guidelines, a copy of which is attached, as may be changed from time to time...." (Dealer Agreement at ¶ 14.1.)

5. Vision One places emphasis on the fact that AT & T sought not only injunctive relief but also damages, as if seeking damages removes it from the explicit exception of Paragraph 25.3. Damages are routinely sought in trademark actions, wherein damage to good will and reputation is alleged. Further, paragraph 25.3 expressly provides that AT & T may seek "injunctive or other judicial relief." (Dealer Agreement at ¶ 25.3) (emphasis added).

ter was not arbitrable. Accordingly, the Court finds no prejudice to Vision One as result of this discovery or the attorneys fees incurred.[6]

AT & T's claim that Vision One is liable to AT & T, as an intended third-party beneficiary of the Dealer Agreement, for breach of that Agreement is not, however, related to the Trademarks section of the Agreement. Therefore, that claim would appear to fall squarely within the arbitration provisions. Thus, its inclusion in the instant action would appear to be inconsistent with the knowledge of the right to compel arbitration.[7] *But see Howard Fields & Assoc. v. Grand Wailea Co.,* 848 F.Supp. 890, 898 (D.Haw.1993) ("[C]ourts have held that the mere act of filing pleadings in a lawsuit does not, without more, constitute a waiver of arbitration.") However, thus far, no action has occurred with respect to this claim. To the extent the court-ordered expedited discovery touched upon this issue, the Court finds no prejudice to either party. Therefore, the Court finds that the assertion of the breach of contract claim does not constitute a waiver of the right to arbitrate.

■ With respect to the claim that AT & T has not negotiated or entered into mediation with Vision One, the Court finds that Vision One has not shown that AT & T has acted inconsistently with the knowledge of the right to compel arbitration. At oral argument, defendants emphasized the fact that they have been threatening legal action against AT & T since at least December 1994, but AT & T has never requested negotiation, mediation, or arbitration. However, despite defendants promises to bring legal action against AT & T, they did not do so until AT & T initiated this action. The Court finds AT & T's alleged failure to invoke the Dispute Resolution processes after Vision One's promises to bring legal action not in-

consistent with the right to compel arbitration.

Furthermore, the fact that AT & T has not yet requested negotiation or mediation (in conformance with the Dispute Resolution section) is not an inconsistent act. Once defendants counterclaimed against it, AT & T moved to dismiss or stay the counterclaims pending arbitration. The Court finds AT & T's conduct consistent with an intent to invoke the arbitration provisions.

The Court finds that Vision One has failed to meet its heavy burden of demonstrating a waiver.

### E. Whether Vision One's Claims Are Arbitrable

■ Despite the federal policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). When the agreement of the parties makes some claims arbitrable and others not, the Federal Arbitration Act requires piecemeal litigation in accordance with the agreement of the parties. *Tracer Research v. National Environmental Services Co.,* 42 F.3d 1292, 1294 (9th Cir.1994) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983)).

■ In the instant case, the language of the Dispute Resolution section is quite broad; it includes "all disputes, controversies or claims, whether based on contract, tort statute, fraud, misrepresentation or any other legal theory ... arising out of or relating to the Products furnished pursuant to this Agreement or acts or omissions of Distribu-

---

6. Vision One may also be contending that if arbitration occurs, it will be required to repeat some of this discovery and incur more attorneys fees. However, the fact that some duplication of effort may occur from parallel proceedings (i.e., this action and arbitration) is not prejudicial. *See Fisher,* 791 F.2d at 698.

7. *But cf.* Dealer Agreement at ¶ 25 (providing that any arbitration will be conducted pursuant

to the Commercial Arbitration Rules of the AAA). The Commercial Arbitration Rules provide that they are part of the arbitration agreement whenever the parties have provided for AAA arbitration, as the parties have here. Further, Rule 47(a) provides: "No judicial proceeding any party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate."

tor or AT & T under this Agreement...." (Dealer Agreement at ¶ 25.)

Vision One counterclaims against AT & T for interference with contract; interference with prospective economic advantage; intentional misrepresentation; and misrepresentation in the offer and sale of franchise. Vision One contends that the fraud claims are not arbitrable, relying on the use of the "arising out of" language which the Ninth Circuit has interpreted narrowly. *See Tracer Research,* 42 F.3d at 1295. However, this argument misses the fact that the Dealer Agreement also includes the phrase "or relating to," the inclusion of which is sufficient to create a "broad arbitration clause." *See Mediterranean Enterprises, Inc. v. Ssangyong,* 708 F.2d 1458, 1464 (9th Cir.1983).

Furthermore, the Dispute Resolution section explicitly refers to all disputes "whether based on contract, tort, statute, fraud, misrepresentation or any other legal theory." (Dealer Agreement at ¶ 25.) The Court finds this language sufficiently broad to include Vision One's counterclaims, even its claims of fraud in the inducement and illegal franchise. *See Prima Paint Corp. v. Flood & Conklin Mfg., Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Alpert v. Alphagraphics Franchising, Inc.,* 731 F.Supp. 685, 687–688 (D.N.J.1990).

Finally, Vision One points to the provisions of the Dealer Agreement which make arbitration mandatory when the amount in controversy does not exceed $1 million and voluntary when the amount in controversy exceeds $1 million. Vision One offers the declarations of William Woods and its counsel that the amount in controversy for the counterclaims exceeds $1 million. On the basis of these conclusory declarations, Vision One claims that its counterclaims are not subject to mandatory arbitration; further, Vision One asserts that it will not submit to voluntary arbitration. Vision One overlooks the fact that for disputes in excess of $1 million, the agreement requires *either* mutually agreed upon arbitration *"or* the aggrieved party may commence an action in a court of competent jurisdiction in New Jersey." (Dealer Agreement at ¶ 25.2.) Thus, in the event the amount in controversy does exceed $1 million, any action must be brought in New Jersey.

Vision One voluntarily bound itself to a three-part Dispute Resolution process. First, the parties must negotiate; then, submit to mediation; and finally, if mediation does not resolve all disputes and the amount in controversy does not exceed $1 million, the parties must submit to arbitration. Here, the parties have not even completed the first step in this process; therefore, any declaration that the amount in controversy with respect to issues to be arbitrated exceeds $1 million is premature. The Court finds Vision One's self-serving declarations are not a sufficiently compelling reason "to override the parties freely-negotiated agreement." *Cf. Snyder,* 736 F.2d at 419. The Court further finds that whether, in fact, the amount in controversy exceeds $1 million is arbitrable.

### F. Conclusion

For the foregoing reasons, the Court finds that Vision One's counterclaims and AT & T's breach of contract claim are referable to arbitration, pursuant to paragraph 25 of the Dealer Agreement. Neither party has waived its right to arbitration; nor is either party in default in any such proceedings. Therefore, pursuant to 9 U.S.C. § 3, the Court STAYS Vision One's counterclaims (one through four) and AT & T's fifth claim for relief (breach of contract) pending arbitration.

During the pendency of the stay, the Court orders:

1. that the parties go forward with the settlement conference, currently scheduled for September 7, 1995, before the Honorable Barry T. Moskowitz, United States Magistrate Judge, in lieu of the negotiation required under the Agreement. At this conference, the parties shall attempt to resolve all claims and counterclaims. If no agreement is reached at that time, the parties shall proceed directly to mediation;

2. that both parties attempt in good faith to expedite the mediation and arbitration of these claims and, further, that each party cooperate in any effort to expedite the resolution of these claims;

3. that the parties file a joint status report to the Court, detailing the status of the mediation and/or arbitration of the stayed claims, on or before October 30, 1995; and

4. that the parties appear for a status conference regarding the stayed claims on November 6, 1995, at 10:30 a.m., in courtroom eleven.

## II. DEFENDANTS' MOTION FOR TRIAL PREFERENCE

Having stayed Vision One's counterclaims and AT & T's breach of contract claim and having fully considered the arguments of the parties regarding expedited trial, the Court **GRANTS** defendants' motion for trial preference. The trial on AT & T's first through fourth claims for relief shall be expedited as follows.

**IT IS ORDERED** that the final pre-trial conference in this matter shall be held on December 18, 1995, at 10:30 a.m., and that the trial on AT & T's first through fourth claims for relief shall commence on January 30, 1996 at 9:00 a.m., in courtroom eleven.

**IT IS SO ORDERED.**