129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HUMETRIX, INC.; Dr. Bettina Experton, Plaintiffs-Appellees,
v.
GEMPLUS, S.C.A.; Marc Lassus; Bruno Lassus; Guy Guistini,
Defendants-Appellants.
 No. 97-55080.
 United States Court of Appeals, Ninth Circuit.
 Submitted** October 7, 1997
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, Jr., District Judge, Presiding
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Gemplus S.C.A., a French Corporation, Dr. Bruno Lassus, Marc Lassus, and Guy Guistini (collectively "Gemplus"), appeal the district court's denial of their motion to compel arbitration of disputes between Gemplus and appellees Humetrix, Inc., and its founder, president, and sole shareholder, Dr. Bettina Experton (collectively "Humetrix"). Because the parties are familiar with the facts, we briefly recite them here.
 
 
 3
 The arbitration provision at issue in this appeal is contained in a written agency agreement ("Agency Agreement") between Humetrix and Gemplus's wholly owned subsidiary, Gemplus USA. Under the Agency Agreement, Humetrix agreed to assist Gemplus USA's efforts to market Gemplus's products in the United States. Gemplus is not a signatory to the Agency Agreement.
 
 
 4
 Humetrix alleges that Gemplus entered into separate agreements, i.e., a sales agreement ("Sales Agreement") and a partnership agreement ("Partnership Agreement"), with Humetrix for the direct sale and distribution of Gemplus's products in the United States. The alleged separate agreements, which were not reduced to writing, did not provide for arbitration should a dispute arise between the parties. Humetrix, in its complaint, alleges that Gemplus breached the Sales and Partnership Agreements and participated in tortious activity related to the breach of those separate agreements. On appeal, Gemplus argues that the district court erred because it refused to apply the arbitration clause contained in the Gemplus USA/Humetrix Agency Agreement to disputes arising under the alleged Sales and Partnership agreements between Humetrix and Gemplus.
 
 DISCUSSION
 
 5
 The denial of a motion to compel arbitration is reviewed de novo. See United Food & Commercial Workers Union, Local 770 v. Geldin Meat Co., 13 F.3d 1365, 1368 (9th Cir.1994). The factual findings underlying the district court's decision, however, are reviewed for clear error. See Woods v. Saturn Distrib. Corp., 78 F.3d 424, 427 (9th Cir.1996).
 
 
 6
 Although the Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration, the right to compel arbitration stems from a contractual right and therefore "one who is not a party to a contract has no standing to compel arbitration." Britton v. Co-Op Banking Group, 916 F.2d 1405, 1413 (9th Cir.1990) ("Britton I "); see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985).
 
 
 7
 Gemplus was not a party to the Agency Agreement that contained the arbitration provision. Nevertheless, Gemplus argues: (1) that it has standing to compel arbitration of its dispute with Humetrix by asserting the arbitration clause in the Gemplus USA/Humetrix Agency Agreement as a principal or agent of Gemplus USA or as a third party beneficiary of the Agency Agreement; or (2) that it can enforce the arbitration provision as the parent company of Gemplus USA.
 
 
 8
 I. Principal/Agent or Third Party Beneficiary Theory
 
 
 9
 Gemplus, as a principal of, an agent for, or a third party beneficiary of the Agency Agreement, may have a right to compel arbitration, if (1) the parties to the Agency Agreement intended it to have a right to compel arbitration, and (2) the claims in dispute are within "the scope of arbitrability." See Britton I, 916 F.2d at 1413-14.
 
 
 10
 The district court found that Gemplus was a third party beneficiary of the Agency Agreement because Gemplus USA entered into the Agency Agreement at least in part for the benefit of its parent company, Gemplus. The district court also found that Gemplus acted as principal and agent, because it participated in negotiating the Agency Agreement with Humetrix. The record supports the district court's findings.
 
 
 11
 The district court, however, did not decide whether Humetrix and Gemplus U.S.A., as the parties to the Agency Agreement, intended the arbitration provision to benefit Gemplus. Cf. Britton v. Co-Op Banking Group, 4 F.3d 742, 745 (9th Cir.1993) ("Britton II "); see also AT & T Corp. v. Vision One Sec. Sys., 914 F.Supp. 392, 395 (S.D.Cal.1995). We need not reach this issue because Gemplus has failed to meet the final and determinative inquiry necessary to establish standing to enforce the arbitration provision: Whether Humetrix's claims against Gemplus fall within the scope of the arbitration provision contained in the Agency Agreement.
 
 
 12
 Gemplus must establish that Humetrix's claims in the present case "arise in connection with the interpretation or the implementation" of the Agency Agreement in order to establish its right to compel arbitration. See Britton II, 4 F.3d at 747.
 
 
 13
 The arbitration provision of the Agency Agreement does not encompass disputes arising in connection with the alleged Sales and Partnership Agreements. Cf. Mitsubishi Motors Corp., 473 U.S. at 622 n. 9. The Agency Agreement's arbitration provision limits arbitrable disputes to "[a]ll disputes which may arise in connection with the interpretation or the implementation of this Agreement...."
 
 
 14
 Contrary to Gemplus's assertion, the alleged Sales and Partnership agreements were negotiated and entered into separately from the discrete Agency Agreement. The agreements differed substantially in that the Agency Agreement was a two-year marketing contract between Humetrix and Gemplus USA while the Sales and Partnership agreements were five-year sales, distribution, and promotion contracts between Humetrix and Gemplus.
 
 
 15
 The Sales and Partnership Agreements constituted discrete agreements that created distinct obligations for different parties. Thus, the Sales and Partnership Agreements and Agency Agreements are not interrelated agreements. Rather, they are separate and discrete agreements, each subject to individual interpretation. See, e.g., International Ambassador Programs v. Archexpo, 68 F.3d 337, 339-340 (9th Cir.1995) (finding that subsequent agreement between parties was discrete and not governed by prior agreement where agreements concerned two separate types of tours and completely different groups of tourists and holding that claims arising out of discrete agreement were therefore not within scope of arbitration clause of prior agreement)
 
 
 16
 Moreover, Humetrix seeks to impose liability under the Sales and Partnership Agreements, not the Agency Agreement. Thus, the factual allegations underlying the claims in the present action arise outside the scope of the Agency Agreement. In sum, Gemplus may not compel Humetrix to arbitrate its claims because disputes arising out of the Sales and Partnership Agreements are not within the scope of the arbitration provision in the Agency Agreement.
 
 II. Parent/Subsidiary Theory
 
 17
 Gemplus argues that as the parent company of Gemplus USA, it may enforce the arbitration provision in the Gemplus USA/Humetrix Agency Agreement even though it is not a party to the arbitration provision.[1] Gemplus argues that it may to enforce the arbitration provision because Humetrix's claims are based on the same facts and are inherently inseparable from the business relationship between Gemplus USA and Humetrix.
 
 
 18
 Humetrix enjoyed a distinct and separate contractual relationship with parent company Gemplus. The Sales and Partnership agreements between Gemplus and Humetrix were not based on the same facts as the Gemplus USA/Humetrix Agency Agreement. As the above discussion indicates, the Sales and Partnership Agreements extend well beyond the Agency Agreement both in time (five years and two years respectively) and in scope in that the direct sales and distribution of Gemplus's smart card technology require investment and responsibility not anticipated in the marketing aims of the Agency Agreement. Thus, even though Gemplus is the parent company of Gemplus USA, it may not invoke the arbitration clause contained in the Agency Agreement because the factual allegations underlying Humetrix's claims against Gemplus are not based on the same facts or inherently inseparable from Humetrix's relationship with Gemplus USA, as embodied in the Agency Agreement.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gemplus seeks to apply the ruling in J.J. Ryan & Sons Inc. v. Rhone Poulenc Textile S.A., 863 F.2d 315 (4th Cir.1988) to the present case. We do not reach this issue because the principle articulated by the Fourth Circuit in Rhone Poulenc is inapplicable to the facts before us