916 F.2d 1405
 Fed. Sec. L. Rep. P 95,613
Joseph BRITTON; Clifford Conway; Connie Laborin; Steven
Ryan, for themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
CO-OP BANKING GROUP, an integrated group of companies
including Co-op Investment Bankers, G/P, C.C.G.F.,
Exploration and Mining Company, Defendants,
and
Jeff Liebling, Defendant-Appellant.
 No. 89-15143.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 18, 1990.*
Decided Oct. 11, 1990.
 
 Jeff Liebling, Irvine, Cal., pro se.
 Andrea M. Miller, David C. Adams, Attia, Bartel, Eng & Torngren, Sacramento, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before LIVELY,** FLETCHER and REINHARDT, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 This appeal is one component of a larger securities fraud litigation. Appellant, Jeff Liebling, appeals pro se the district court's denial of his motion to compel arbitration in an action brought in federal court by appellees for damages caused to them by Liebling's alleged fraudulent activities. We hold that the district court erred in finding that Liebling waived his right to arbitration. We remand, however, for consideration of whether Liebling is within a class of persons entitled to arbitration under the contract containing the arbitration clause.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 In the underlying action, plaintiffs-appellees, as representatives of a plaintiff class, alleged that Liebling and other defendants engaged in a securities fraud scheme by selling a fraudulent tax shelter investment. Appellees had purchased securities from Gold Depository and Loan Company ("Gold Depository"), one of the Co-op Banking Group Companies. The contract of sale between appellees and Gold Depository included an arbitration provision.[1]
 
 
 3
 Appellees filed their original complaint against Liebling on June 2, 1987, and filed a third amended complaint on August 7, 1989. The sole defense Liebling offered was to assert a fifth amendment privilege against self-incrimination.[2] According to Liebling, he informally tried to reach a settlement of the claims against him, and on May 31, 1988, when it became apparent that a settlement was unlikely, he wrote to appellees demanding arbitration on the basis of the arbitration clause contained in the investment contract. Appellees promptly refused. In early October, Liebling filed a motion pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 4, seeking to compel arbitration.[3] After conducting a hearing on the motion, the district court denied Liebling's motion on the ground that he had waived any right to arbitration by actively pursuing litigation, and that those actions prejudiced appellees. The court did not reach the issue of whether Liebling, not a party to the contract containing the arbitration clause, had standing to seek to compel arbitration. On January 30, 1989, Liebling filed a notice of appeal from that denial. It is this appeal that is before us. On April 28, 1989, another panel of this court denied Liebling's motion for a stay of all trial court proceedings pending his appeal from the court's refusal to compel arbitration.
 
 
 4
 At the same time appellant was seeking arbitration and stay, appellees continued to push for discovery, Liebling all the while resisting. This culminated in a default judgment entered against Liebling. On March 8, 1988, Appellees served their First Request for Production of Documents upon Liebling. Liebling neither produced the documents sought nor allowed the plaintiffs to inspect and copy them. His explanation for resisting discovery was that to comply would violate his fifth amendment privilege and, further, that he should continue to assert that privilege until he could obtain counsel. In May 1988, plaintiffs moved the court to compel production. After a hearing on the motion, the magistrate entered an order on June 28, 1988, compelling production of all documents requested by plaintiffs. Liebling contested this order to the end: he moved for reconsideration of the magistrate's order, which the district court denied on July 29; he appealed the discovery order to this court which dismissed it on October 31, 1988.
 
 
 5
 Nevertheless, Liebling continued to refuse to comply with discovery. On December 27, 1988, plaintiffs again requested the magistrate to direct immediate production of documents, strike Liebling's Answer to the First Amended Complaint, enter a default judgment against him, and find him in contempt of court. The magistrate held a hearing on this motion, and on February 3, 1989, issued proposed findings that Liebling willfully and in bad faith failed to comply with the June 28 order compelling production of documents. The magistrate recommended that Liebling's answer be stricken and a default judgment be entered against him pursuant to Fed.R.Civ.P. 37.
 
 
 6
 Liebling filed objections to these proposed findings and recommendations. On April 11, 1989, the district court entered an Order directing Liebling to appear on May 5, 1989, to show cause why he should not be held in contempt and to bring with him all responsive documents in his possession and control. The parties appeared on May 5, but Liebling failed to produce the documents on the grounds that they were in remote locations, that he could not afford to retrieve them, and that some of them were subject to fifth amendment privilege. Finding that Liebling was at risk for incarceration due to his continued failure to obey a court order, the district court appointed a public defender, and scheduled another hearing for June 16. At the scheduled hearing, plaintiffs reported that they had transported at their expense documents from various locations identified by Liebling, that the documents were in the Federal Defender's office under Liebling's control, and that counsel was in the process of drafting a Stipulation and Order according to which the documents would be exchanged, thereby complying with the Request for Production. Ten days later, Liebling's counsel requested that he be excused from representing Liebling. (The record does not reveal the reason for the request.) The court granted the request, appointed another counsel, and rescheduled the return on the Order to Show Cause.
 
 
 7
 On June 30, 1989, the district court held a hearing on Liebling's Motion for Reconsideration of the Magistrate's proposed findings and recommendations. On July 19, 1989, finding that Liebling had offered no credible basis for refusing to comply with the court order directing him to respond to discovery and that his refusal was an attempt to obstruct justice, the district court ordered a default judgment entered against Liebling on the first amended complaint and further ordered that Liebling be held in custody for 18 months unless and until he complied with the court's discovery order.[4] The district court further found that Liebling had been given ample opportunities to either substantiate his asserted privileges or otherwise to offer a credible reason for his refusal to comply with the court's order or to comply with discovery. Additionally, the court found that Liebling had offered to sell the responsive documents but refused to turn them over pursuant to the Federal Rules of Civil Procedure without payment. Liebling takes exception to this characterization.[5] Based on the above, the court found that Liebling's actions were willful, intentional and in bad faith, and constituted contempt. Liebling appealed this order and the default judgment but his appeal subsequently was dismissed by our court for failure to file an opening brief.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 8
 We have jurisdiction over this timely appeal pursuant to Sec. 15(a)(1)(A) and (B) of the Federal Arbitration Act, 9 U.S.C. Sec. 15(a)(1)(A) and (B) (providing for appellate review of denial of application to compel arbitration and refusal to stay judicial proceedings pending arbitration). See Delta Computer Corp. v. Samsung Semiconductor & Telecommunications Co., 879 F.2d 662, 664-665 (9th Cir.1989); Delmay v. Paine Webber, 872 F.2d 356 (11th Cir.1989).
 
 
 9
 We review jurisdictional challenges de novo. Kruso v. International Telephone & Telegraph, 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The denial of a motion to compel arbitration also is reviewed de novo. Pipes Trades Council, Local 159 v. Underground Contractor's Ass'n, 835 F.2d 1275, 1273 (9th Cir.1987). Finally, we review de novo the issue of whether the undisputed facts of defendant's participation in litigation and delay in seeking arbitration constitute a waiver of arbitration. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 693 (9th Cir.1986).
 
 DISCUSSION
 
 10
 Appellees contend that this appeal has been mooted by the district court's subsequent entry of a default judgment against Liebling for refusal to comply with the court's discovery order. On appeal Liebling argues that his appeal from the denial of the motion to compel arbitration divested the court of jurisdiction over the case, and therefore, that the district court lacked jurisdiction to enter a default judgment. Liebling also contends that the district court erred in finding that he had waived his right to arbitration. We address each argument in turn.
 
 
 11
 I. Mootness.
 
 
 12
 Appellees argue that the default judgment entered against Liebling on July 20, 1989, moots the present appeal from the district court's refusal to compel arbitration; any decision of this court regarding the arbitrability of the action below would have no effect on the parties because there is no longer any underlying action to arbitrate. Liebling does not respond to appellee's mootness argument.
 
 
 13
 Fed.R.Civ.P. 37(b)(2)(C) empowers a district court to enter a default judgment as a sanction against a party who fails to comply with a discovery order. A default judgment entered pursuant to Rule 37 is an appealable final order, United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); 8 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2006 (1970), and a dismissal of an action for failure to comply with discovery operates as an adjudication on the merits. Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 592 (9th Cir.1983).
 
 
 14
 Ordinarily, the denial of a motion to compel arbitration and the denial of a stay of the district court proceedings are appealable under Sec. 15 of Federal Arbitration Act, 9 U.S.C. Sec. 15. The mootness doctrine does not moot an appeal from a district court's denial of a motion to compel arbitration if, while the appeal is pending, the trial concludes and a judgment on the merits is entered. Otherwise the statutory right to appeal would be nugatory. Thus if Liebling had complied with the discovery order and allowed the litigation to proceed in an orderly fashion, his motion to compel arbitration would be reviewable.[6]
 
 
 15
 We conclude that the ordinary rule that a decision on the merits does not preclude review of the denial of arbitration should apply in this case. Accordingly, we hold that Liebling's appeal from the district court's refusal to compel arbitration and to grant a stay of judicial proceedings is not mooted by the court's subsequent entry of a default judgment against Liebling.
 
 
 16
 We fully recognize the problems created if parties are permitted to refuse to comply with court orders with which they disagree, and we endorse the "basic proposition that all orders and judgments of courts must be complied with promptly." Maness v. Meyers, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.") This suggests the possibility that a claim of mootness arising from a default judgment entered for failure to comply with discovery might be treated differently from mootness arising from the conclusion of a trial on the merits. We reject this possibility for two reasons. First, both dispositions are treated as a final adjudication on the merits. Second, the contempt sanctions and the real risk that the default judgment ultimately will be sustained are adequate deterrents.
 
 
 17
 We find the treatment of civil contempt proceedings themselves to be a useful analogy. Unlike criminal contempt, in civil contempt, if the contemnor's actions subsequently are vindicated, the civil contempt must be vacated absent an opportunity for effective review of the order before it was violated. United States v. Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Thus, if, for example, a defendant refuses to comply with a discovery order because he is asserting a right to arbitration and requesting a stay of judicial proceedings pending review, and that refusal is the basis of a default judgment being entered against him, a judicial determination that the defendant was indeed entitled to proceed to arbitration may serve to invalidate the default judgment--although lesser sanctions would not be affected. This obviously requires the opportunity for appellate review of the refusal to grant the motion to compel arbitration. Here, too, even though the refusal to comply with the discovery order was based on an erroneous fifth amendment claim, appellant is entitled to an appellate determination of the arbitrability question, and that appellate review may not be mooted by virtue of sanctions imposed by the district court.
 
 
 18
 We believe the likelihood that the contemnor would not prevail on appeal from the lower court's refusal to compel arbitration is a self-restraining force that will discourage any litigant seeking arbitration from refusing to comply with the court's orders. Just as a defendant who challenges personal jurisdiction and incurs a default judgment for failure to appear runs the substantial risk that the reviewing court will affirm the district court's jurisdiction, a defendant seeking arbitration who adopts Liebling's strategy is likewise accepting the risk that the reviewing court will affirm the lower court's refusal to compel arbitration, leaving an enforceable default judgment.
 
 
 19
 II. District Court's Subject Matter Jurisdiction.
 
 
 20
 Liebling argues that the present appeal from the district court's denial of his motion to compel arbitration divested the district court of jurisdiction, making any subsequent orders, including the entry of the default judgment, null. We disagree.
 
 
 21
 Liebling relies upon the general rule that the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the appellate court. Griggs v. Provident Consumer Discount, 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982) (per curiam); 9 J. Moore, Moore's Federal Practice p 203.11. However, Moore further instructs that "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." J. Moore, supra, at p 203.11, 3-54.
 
 
 22
 Liebling also relies on McClatchy Newspapers v. Central Valley Typo. Union No. 46, 686 F.2d 731 (9th Cir.1982). McClatchy involved a dispute between a union and an employer over job guarantees of workers engaged in a sympathy strike. The parties initially submitted the dispute to arbitration. The arbitrator found that entering into a sympathy strike did not terminate the job guarantee. The district court confirmed the arbitrator's award. The employer appealed. A disagreement developed over the effect of the court's order, and the union filed a motion seeking to compel immediate reinstatement of the discharged workers and seeking a contempt order. The district court denied the motion, but amended its order to require the employer to reinstate the workers immediately. We held that the district court lacked jurisdiction to enter an amended judgment while an appeal of the original judgment was pending. This stands in clear contrast to the present case. In McClatchy the modified order reflected a change in the result of the very issue on appeal; if allowed to stand, the appeals court would be dealing with a moving target if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the "old" order. McClatchy does not prevent the district court in the present case from proceeding with the independent issues presented in the underlying case. The district court is simply moving the case along consistent with its view of the case as reflected in its order denying arbitration.
 
 
 23
 Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. Manual for Complex Litigation Secs. 25.11, 25.16 (2d Ed.). Since the issue of arbitrability was the only substantive issue presented in this appeal,[7] the district court was not divested of jurisdiction to proceed with the case on the merits.
 
 
 24
 The rule urged by Liebling would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. See, e.g., Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 829 (D.C.Cir.1987) (district court, after denying appellant's motion to compel arbitration, granted its motion for stay pending appeal because appellant's claim raised issues of first impression appellant would suffer substantial harm if action were not stayed); C.B.S. Employees Federal Credit Union v. Donaldson, 716 F.Supp. 307 (W.D.Tenn.1989) (developing test to determine whether district court should stay trial proceedings pending appeal from denial of motion to stay proceedings pending arbitration). This is a proper subject for the exercise of discretion by the trial court.[8]
 
 
 25
 III. Denial of Motion to Compel Arbitration.
 
 
 26
 A. Waiver of the Right to Compel Arbitration.
 
 
 27
 The district court, relying on Van Ness Townhouses v. Mar Industries, Corp., 862 F.2d 754 (9th Cir.1988), held that Liebling had waived his right to arbitrate. A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. The party arguing waiver of arbitration bears a heavy burden of proof. Fisher, 791 F.2d at 694; Van Ness Townhouses, 862 F.2d at 758. We conclude that appellees failed to sustain this heavy burden. Van Ness is distinguishable on its facts.
 
 
 28
 Appellees provided no evidence establishing when Liebling had "knowledge" of his right to compel arbitration. He wrote to appellees demanding arbitration on May 31, 1988--a year after appellees filed their complaint and six months before he moved the court to compel arbitration. Liebling did not have the benefit of counsel during this period.
 
 
 29
 Liebling's pre-trial actions--particularly his avoidance of discovery and his motions to stay the district court proceedings--were not inconsistent with his pursuit of arbitration although they may have been motivated more by his determination to avoid or frustrate the litigation. His pursuit of a court-appointed attorney and in forma pauperis status is less accurately characterized as active litigation than as an effort to protect his position should he be forced to litigate. The fact that Liebling failed to raise as an affirmative defense his right to arbitrate is not sufficient, absent a showing of prejudice, to establish waiver. Fisher, 791 F.2d at 698.
 
 
 30
 Finally, appellees' assertions of prejudice are unpersuasively conclusory. They argue that they have spent time and resources in discovery activity and motions practice over a period of two years "that would be rendered nugatory by a direction that arbitration now be had." Appellees' Brief, 16-17. However, it was appellees who refused to arbitrate, and the costs they incurred in pursuing litigation should not count against Liebling's effort to avoid litigation. Just as Liebling must bear the risk that his appeal would not be successful, appellees, if they choose to resist Liebling's effort to arbitrate the dispute, must bear the risk that it will be successful.
 
 
 31
 B. Liebling's Standing to Compel Arbitration.
 
 
 32
 In their response to Liebling's motion to compel arbitration before the district court as well as on appeal, appellees challenge Liebling's standing to compel arbitration. Despite the fact that this is a threshold issue,[9] the district court did not resolve it, ruling instead that Liebling had waived arbitration.
 
 
 33
 Liebling does not directly address the standing issue, but instead generally stresses the federal policy favoring arbitration. However, according to the undisputed allegation of appellees, Liebling was not a party to the contract providing for arbitration.[10] As the Supreme Court has explained repeatedly, the Federal Arbitration Act "was designed 'to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate.' " Volt Info. Sciences v. Bd. of Trustees, 489 U.S. 468, 109 S.Ct. 1248, 1253, 103 L.Ed.2d 488 (1989) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219-220, 105 S.Ct. 1238, 1241-1242, 84 L.Ed.2d 158 (1985)). Although the Act reflects a federal policy favoring arbitration, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the Act "does not confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that 'arbitration proceed in the manner provided for in [the parties'] agreement.' " Volt, 109 S.Ct. at 1253 (quoting 9 U.S.C. Sec. 4). The right to compel arbitration derives from a contractual right, and, as we held in Lorber Industries v. Los Angeles Printworks Corp., 803 F.2d 523 (9th Cir.1986), one who is not a party to a contract has no standing to compel arbitration.
 
 
 34
 Lorber, however, also suggests that a third party beneficiary or an agent of one of the parties to the contract may have standing to compel arbitration. The nature of Liebling's relationship with Gold Depository, as well as the intent of the parties to the contract and the scope of arbitrability, were neither analyzed by the district court nor briefed on appeal. We decline to address this issue on appeal and instead remand the case to the district court for further determination and fact-finding as to whether the parties intended that a person in Liebling's position have the benefits of the arbitration provision.
 
 CONCLUSION
 
 35
 We reverse the district court's order finding that Liebling waived his right to arbitration. We remand the case to the district court for determination of Liebling's standing to assert a right to arbitration. If it is ultimately determined that Liebling does not have the right to have the dispute submitted to arbitration, the default judgment may stand. On the other hand, if Liebling proves to be correct on the arbitrability question, that judgment will have to be set aside.
 
 
 36
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Pierce Lively, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 In 1983 the IRS began investigating Gold Depository for allegedly promoting an abusive tax shelter. The managing director failed to comply with investigation requests, leading to a jury conviction for obstruction of justice and contempt of court. The conviction was upheld in United States v. Laurins, 857 F.2d 529 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 3215, 106 L.Ed.2d 565 (1989). That opinion provides more details of the investment scheme
 
 
 [2]
 Liebling's Answer, filed in March 1988, was accompanied by his request for in forma pauperis status and for appointment of counsel. In April, Liebling sought a stay of discovery pending disposition of these motions. The district court denied all three motions in June 1988, although it granted Liebling in forma pauperis status to appeal from that order. Another panel of this court denied Liebling's appeal in July 1988
 
 
 [3]
 9 U.S.C. Sec. 4 provides in part that "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement ..."
 
 
 [4]
 The court ordered that Liebling return to the court on a frequent basis for the court to determine whether he wished to purge himself of the contempt. Because the intended effect of the penalty was remedial and the penalty was conditional, it constitutes civil contempt, which a district court may impose under 18 U.S.C. Sec. 401(3). See Laurins, 857 F.2d at 534
 
 
 [5]
 Apparently the promise to furnish a stipulation to produce documents and to comply with discovery died with the public defender's withdrawal
 
 
 [6]
 As Wright and Miller explain, "The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Sec. 3533.3 (1984)
 In those cases where we have found that intervening events operated to moot an appeal, the events either were of the type that could not be altered by a successful appeal or the events themselves eliminated the need for the appeal. See, e.g., IBTCWHA, Local Union No. 2702 v. Western Airlines, 854 F.2d 1178 (9th Cir.1988) (appeal from denial of injunction against merger pending arbitration mooted by execution of the merger); Mesa Verde Const. v. Northern California District of Laborers, 820 F.2d 1006, 1009 (9th Cir.1987) (appeal from district court's stay of arbitration pending disposition of declaratory judgment action mooted by lifting of stay).
 Here the possibility of obtaining meaningful relief on appeal is not eliminated by the intervening event of the conclusion of the trial court proceedings. If Liebling were to prevail in his claim to a right to arbitration, the district court judgment would be vacated and the parties could proceed to arbitration. Cf. Chasser v. Achille Lauro Lines, 844 F.2d 50 (2d Cir.1988) (district court's refusal to enforce contractual forum-selection clause is reviewable on appeal from final judgment despite fact that right to have adjudication of claims occur in particular forum may entail additional litigation expense); McDonnell Douglas Finance v. Pennsylvania Power and Light Co. 849 F.2d 761, 764 (2d Cir.1988) (exercise of appellate jurisdiction under collateral order doctrine would be inappropriate in light of fact that denial of claim to arbitration is not unreviewable on appeal from final judgment).
 
 
 [7]
 Cf. Moses H. Cone Memorial Hospital v. Mercury Construction, 460 U.S. 1, 21, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (permitting concurrent litigation on issue of arbitrability, Court explained that dispute over arbitrability is easily severable from merits of underlying dispute)
 
 
 [8]
 Whatever merit there may have been to Liebling's request for the court, in the exercise of its discretion, to grant a stay of the district court proceedings pending appellate review of the arbitrability issue, that question was resolved by this court's refusal to grant the stay
 Liebling urges us to find that under Sec. 3 of the Federal Arbitration Act, the district court erred as matter of law in not staying discovery upon learning of his arbitration demand. Liebling's argument that the stay was mandatory is defeated by the language of the statute:
 If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial.... 9 U.S.C. Sec. 3 (emphasis added).
 The district court is directed to grant a stay only when it has determined that the issue is to arbitrated. In this case, the court explicitly found otherwise.
 
 
 [9]
 Standing, of course, is always a threshold issue. When evaluating a motion to compel arbitration, the first determination is whether the parties intended to contract for arbitration. See, e.g., Van Ness Townhouses, 862 F.2d at 756 ("When we are asked to compel arbitration of a dispute, our threshold inquiry is whether the parties agreed to arbitrate.")
 
 
 [10]
 That contract was between appellees and Gold Depository