**CENDANT CORPORATION, Petitioner,**

v.

**Walter A. FORBES, Respondent.**

**No. 99 Civ. 4869(JSR).**

United States District Court, S.D. New York.

Oct. 26, 1999.

Robert R. Fiske, Jr., Harry A. Chernoff, Marianne Fogarty, Davis, Pork & Wardwell, New York City, for Petitioner.

Robert Schrager, Bondy & Schloss, New York City, George A. Burden, Brendan V. Sullivan, Jr., John J. Buckley, Jr., Emmet T. Flood, David Aufhauser, Williams & Connolly, Washington, DC, for Respondent.

## MEMORANDUM

RAKOFF, District Judge.

This Memorandum will briefly state the reasons for the Court's Order of October 18, 1999, which stayed this action pending the Court of Appeals' determination of respondent Forbes' appeal from this Court's previous orders of September 13, 1999 and October 8, 1999.

Full familiarity with all prior proceedings is here presumed. Put succinctly, the Court previously denied Forbes' motion for a stay of this action pending arbitration because the Court concluded that no aspect of the determination by petitioner Cendant Corporation's Audit Committee that Forbes owed Cendant $2,145,446 in overcharged expenses was subject to arbitration. The Court also previously denied Forbes' motion to dismiss the action because the Court concluded that, contrary to Forbes' argument, Cendant could pursue in federal court in this diversity action confirmation under N.Y. CPLR § 7601 of the Audit Committee's award.

Subsequently, Forbes filed an interlocutory appeal from these rulings. He then applied to this Court for a stay of this action pending determination of that appeal. In so doing, Forbes chiefly relied on section 16(a)(1)(A) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which provides that "an appeal may be taken from an order refusing a stay of any action under section 3 of this title."

The initial question, therefore, is whether any of the Court's prior rulings constituted an order refusing a stay under section 3 of the FAA. That section provides (in somewhat repetitive or even circular language) that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....

Since the granting of a stay under this section is mandatory if an issue in the case is referable to arbitration, it follows that the refusal of a stay must be premised, as in the instant case, on a determination that no issue is arbitrable. *A fortiori,* an appeal authorized by section 16 from an order refusing a stay under section 3 is an interlocutory appeal of the district court's determination that no issue is arbitrable.

Cendant argues, however, that the Court's prior rulings were not so much in the nature of a denial of a stay under section 3 as ancillary to confirmation of an arbitration award under section 9 of the FAA and consequently outside the ambit of section 16. Section 9 provides, in relevant part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award.... If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made.

The language of section 9, however, applies neither to the Audit Committee's award that Cendant here seeks to enforce nor to the issues of arbitrability addressed in the Court's prior ruling denying Forbes' motion for a stay pending arbitra-

tion. As to the former, the Audit Letter that gave rise to the Audit Committee's award, *see* Verified Petition Ex. A., and which was in lieu of arbitration, contains no language providing for the automatic entry of judgment upon that award. If the Court were to read such a term into this simple agreement, it would have to do so for all agreements, rendering meaningless the distinguishing in section 9 of a subset of agreements that contain a provision to enter judgment. *See* 9 U.S.C. § 9. As to the latter, since the Court's decision not to stay the action pending arbitration was expressly premised on its rejection of Forbes' arguments that one or another aspect of the matter should be referred to arbitration, the Court's ruling falls squarely within the scope of section 3 and has no relation to section 9.[1] It follows that Forbes has a right under section 16 to seek an interlocutory appeal from this Court's denial of a stay pending arbitration.[2]

The remaining issue, then, is whether this Court should stay all proceedings here pending the Court of Appeals' determination of Forbes' section 16 appeal. Although Forbes argues that the Court is required to do so because the pending appeal deprives the district court of jurisdiction over all matters fairly encompassed within the scope of the appeal, the Court concludes that it retains discretion to deny such a stay in at least those circumstances where the appeal is patently frivolous or taken for an obviously improper purpose. *Cf. United States v. Salerno*, 868 F.2d 524, 539 (2d Cir.1989); *Satcom Int'l Group v. Orbcomm Int'l Partners*, 55 F.Supp.2d 231, 234 (S.D.N.Y.1999). Here, however, while the Court has previously found Forbes' arguments for arbitration wholly unconvincing, *see* Opinion and Order of October 8, 1999, at 7, the Court is hesitant to effectively substitute its judgment for that of the appellate court by finding Forbes' arguments so utterly frivolous in all respects as to warrant the denial of a stay. Although Forbes' filing of this interlocutory appeal also smacks of dilatory tactics, Forbes has promised to minimize any delay by immediately seeking permission from the Court of Appeals to expedite his appeal, and Cendant, for its part, has failed to show how it will ultimately be prejudiced by the intervening delay, since any monetary award is subject to interest.

In certain cases, there may be still other bases for denying the stay here sought, such as considerations of judicial economy, avoidance of conflicting or piecemeal determinations, and the like. However, the fact that Congress made provision in section 16 for an interlocutory appeal from a denial of a stay pending arbitration will usually tilt the balance in favor of granting such a stay whenever doing otherwise would effectively deprive the appellant of the possibility of having the underlying controversy presented to an arbitrator in the first instance. A district court must be careful not to undermine this policy by pushing forward with a case in the face of a pending appeal from the denial of arbitration, except in more compelling circumstances than are here presented.

---

1. While Forbes, in his pending appeal, also seeks review of this Court's denial of the motion to dismiss (which dealt with issues unrelated to arbitration), his statutory basis for appeal is grounded in an appeal under section 16 from the Court's denial of his request for a stay pending arbitration and his request for review of the denial of the motion to dismiss is simply pendent to that appeal.

*See* transcript of oral argument, October 7, 1999.

2. Of course, the ultimate arbiter of whether such an appeal properly lies is the Court of Appeals, and Cendant is always free to pursue in that forum a motion to dismiss Forbes' appeal for lack of jurisdiction or otherwise.