**CAMBIO HEALTH SOLUTIONS, LLC, Plaintiff,**

v.

**Thomas M. REARDON, Defendant.**

**Thomas M. Reardon, Counter–Plaintiff,**

v.

**Cambio Health Solutions, LLC, Triad Hospitals, Inc., Quorum Health Resources, LLC, and the Intensive Resource Group, LLC, Counter–Defendants.**

No. 3:02–0351.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 29, 2002.

H. Buckley Cole, Greenebaum, Doll & McDonald PLLC, Nashville, TN, for Plaintiff.

James Franklin Sanders, William David Bridgers, Neal & Harwell, Nashville, TN, for Defendant.

### MEMORANDUM and ORDER

TRAUGER, District Judge.

Pending before the court is a Motion for Stay Pending Appeal filed by the plaintiff/counter-defendant Cambio Health Solutions, LLC ("Cambio") and the counter-defendants[1] The Intensive Resource Group, LLC ("IRG"), Quorum Health Resources, LLC ("QHR") and Triad Hospitals, Inc. ("Triad") (Docket No. 32), to which the defendant/counter-plaintiff Thomas Reardon has responded (Docket No. 34), and the counter-defendants have replied (Docket No. 40).

### I. BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2002, Cambio filed the instant action seeking a declaratory judgment that Reardon was not entitled to recover benefits under the terms of an Executive Consulting Agreement executed between those two parties because his prior termination of the Consulting Agreement was not "for good reason" after a "change in control," as those terms are defined therein. (Docket No. 1, Complaint) By letter dated the same date,

Cambio informed Reardon of its intention to terminate the Consulting Agreement effective August 31, 2002.

On May 31, 2002, Reardon filed counterclaims against Cambio and third-party claims against IRG, Triad, and QHR. (Docket No. 3, Answer and Counterclaim) Reardon seeks a declaration that there has been a "change in control" and that his termination of the Consulting Agreement was "for good reason," as those terms are defined in the agreement. Reardon also brings claims against Cambio for breaches of the Consulting Agreement and a separate contract known as the Limited Liability Company Agreement of Cambio Health Solutions, LLC ("LLC Agreement"). Reardon brings claims against IRG, QHR, and Triad for statutory procurement of breach of contract in violation of Tenn. Code Ann. § 47–50–109 and for common-law tortious interference with contract under Tennessee law causing Cambio's breaches of both the Consulting Agreement and the LLC Agreement. Finally, Reardon brings claims for breach of fiduciary duty against IRG, QHR, and Triad, alleging that they, as the majority shareholder of Cambio and/or the beneficial owners of the majority interest in Cambio, breached their fiduciary duties to Reardon as the owner of a minority interest in Cambio.

The counter-defendants responded to Reardon's claims with a Motion to Compel Arbitration and for a Stay in Whole or in Part of the Pending Lawsuit (Docket No. 11). The court granted the motion to compel arbitration in part and denied it in part. (Docket No. 11) The court ordered the parties to arbitrate Reardon's claims related to the LLC Agreement but declined to order arbitration of Reardon's

---

1. Technically, IRG, QHR, and Triad are third-party defendants, not counter-defendants. However, the parties refer to them as such, and the court will use this reference for simplicity in referring to the parties sued by defendant Reardon.

claims related to the Consulting Agreement on the grounds that the Consulting Agreement contained no arbitration provision and the arbitration provision contained in the LLC Agreement did not extend to the Consulting Agreement. The court declined to stay judicial proceedings during arbitration of the LLC Agreement claims.

The counter-defendants have appealed the court's denial of their motion to compel arbitration of Reardon's Consulting Agreement claims, as well as the court's denial of a stay (Docket No. 26), and now move the court for a stay pending appeal.

## II. ANALYSIS

The motion to compel arbitration and to stay the pending lawsuit was filed pursuant to the Federal Arbitration Act ("FAA"), which authorizes parties aggrieved by the denial of a motion to compel arbitration or the denial of a motion for stay pending arbitration to take an interlocutory appeal. *See* 9 U.S.C. § 16(a)(1).

In support of their motion for a stay pending appeal, the counter-defendants first argue that their filing of a notice of appeal divested this court of jurisdiction over the instant lawsuit, citing the Seventh Circuit's opinion in *Bradford–Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir.1997). (Docket No. 33 at p. 2) Alternatively, the counter-defendants argue that the court should grant a stay pending appeal pursuant to Fed.R.Civ.P. 62(c), citing *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette Securities Corp.*, 716 F.Supp. 307 (W.D.Tenn.1989), *aff'd*, 912 F.2d 1563 (6th Cir.1990), in which the court denied a motion to stay pending arbitration and granted a stay pending appeal.

There is a circuit split as to whether a district court retains jurisdiction once an appeal has been filed under Section 16(a)

of the FAA. In *Bradford–Scott Data Corp.*, the Seventh Circuit held that the district court normally is divested of jurisdiction during the pendency of an appeal of a denial to compel arbitration or an appeal of a denial for a stay pending arbitration. *See* 128 F.3d at 505. Two other courts of appeals have refused to issue stays while § 16(a) appeals were under consideration, implicitly holding that the district court retains jurisdiction during the pendency of such appeals. *See In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 557 (2d Cir.1995); *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990). The Sixth Circuit has yet to address this issue.

The court is mindful, however, that there is Sixth Circuit authority holding that the filing of a notice of appeal is an event of jurisdictional significance, even when the notice of appeal is taken from an interlocutory order. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir.1995). In *Fort Gratiot*, the Sixth Circuit stated:

It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *See, e.g., Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir.1963) (holding void orders entered by a district court after notice of appeal from interlocutory order), *aff'd per curiam*, 328 F.2d 615 (6th Cir.1964); *see also* 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice and Procedure § 3949 (1977 & Supp.1995) (explaining jurisdictional rules after a case is appealed). As a leading treatise states, "[o]nce an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the

.judgment to allow an amendment to be made." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489 (1990) (footnote omitted).

*Id.* The holding of *Keohane v. Swarco, Inc.,* which was cited with approval in *Fort Gratiot,* is old but remains good law.[2] Until it is overturned, it remains binding upon this court. Consequently, the court concludes that it lacks jurisdiction to entertain further proceedings in this case.

Because the court is without jurisdiction to proceed, this case is effectively stayed pending the court's receipt of the Sixth Circuit's mandate in the counter-defendants' appeal. Accordingly, the counter-defendants' Motion for Stay Pending Appeal (Docket No. 32) is hereby DENIED as moot.

This case shall remain set for trial on May 11, 2004.

It is so ORDERED.

---

**2.** There are Sixth Circuit cases which suggest that the district court retains jurisdiction to proceed to trial on the merits of an action where an appeal is taken from the grant or denial of a preliminary injunction. *See, e.g., Weaver v. Univ. of Cincinnati,* 970 F.2d 1523, 1528–29 (6th Cir.1992). However, the court is not persuaded that a motion to compel arbitration or to stay an action pending arbitration, which are actions provided for by statute, are necessarily equivalent to a motion for a preliminary injunction. In any event, *Keohane v. Swarco, Inc.,* 320 F.2d at 432, which holds that the district court is divested of jurisdiction when a notice of appeal is filed from any interlocutory order, is the older authority and, therefore, controlling. *See Salmi v. Secretary of Health & Human Serv.,* 774 F.2d 685, 689 (6th Cir.1985) (holding that a panel of the Sixth Circuit court cannot overrule the decision of another panel, and that the prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit sitting *en banc* overrules the prior decision.). *Accord Darrah v. City of Oak Park,* 255 F.3d 301, 310 (6th Cir.2001) ("[W]hen a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.").