In re STARTEC GLOBAL
COMMUNICATIONS
CORP., et al.

Videsh Sanchar Nigam Limited,

v.

Startec Global Communications
Corp., et al.

No. CIV.A.DKC 2003–1506.

United States District Court,
D. Maryland.

Jan. 14, 2004.

Morton A. Faller, Shulman, Rogers, Gandal, Pordy and Ecker PA, Rockville, MD, Philip D. Anker, Wilmer, Cutler and Pickering, Washington, DC, for Appellants/Debtors.

Kevin Clark Walker, Kelley, Drye and Warren LLP, New York City, for Appellant.

Darius B. Withers, David A. Konuch, Kelley, Drye and Warren LLP, Washington, DC, Paul Francis Doyle, Robert Lawrence Lehane, Kelley, Drye and Warren LLP, New York City, for Appellee.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution is the motion of Defendant/Appellant Videsh Sanchar Nigam Limited (VSNL) to stay all proceedings in this Adversary Proceeding pending appeal to the United States Court of Appeals for the Fourth Circuit of this court's order affirming the Bankruptcy Court's denial of Defendant's motion to compel arbitration. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons set forth below, VSNL's motion to stay will be granted.

### I. Factual and Procedural Background

On or about November 12, 1992, VSNL, a telecommunications company organized under the laws of India, entered into a Services Agreement with Startec Incorporated, a U.S. telecommunications company. All of Startec Incorporated's rights and obligations under the Services Agreement have been assumed by debtor/plaintiff Startec Operating Company (Startec). On December 14, 2001, Startec filed a voluntary bankruptcy petition, although VSNL and Startec continued to do business under the Services Agreement despite the filing.

On July 1, 2002, Startec filed a complaint in the bankruptcy court seeking, *inter alia*, to recover more than $7,000,000 in damages resulting from VSNL's alleged violations of the Bankruptcy Court's orders and applicable provisions of the Bankruptcy Code and VNSL's alleged breach of its post-petition obligations to Startec. Taking the position that Startec's claims are subject to arbitration under the arbitration provision in the Services Agreement, VSNL moved, on September 18, 2002, to dismiss the Adversary Proceeding or, in the alternative, to stay the Adversary Proceeding and to compel Startec to arbitrate. On March 5, 2003, the Bank-

ruptcy Court conducted a hearing on VSNL's motion and, on April 24, 2003, the court denied the motion to dismiss or to stay and compel arbitration. VSNL filed a notice of appeal on April 30, 2003 to this court. On May 6, 2003, VSNL moved the Bankruptcy Court for an order staying the Adversary Proceeding pending the appeal and, on June 18, 2003, a hearing before Bankruptcy Judge Duncan W. Keir was held. As a result, the court granted VSNL's motion to stay based on the then current status of confirmation and on its belief that the appeal would be resolved expeditiously. For these reasons, Judge Keir did not find that a stay would cause irreparable harm to Startec.

On October 16, 2003, this court affirmed the Bankruptcy Court's denial of VSNL's motion to dismiss or to stay and compel arbitration. Subsequently, the Bankruptcy Court, on November 4, 2003, issued an order terminating its stay and ordered the parties to appear for a scheduling conference.[1] VSNL filed a notice of appeal to the Fourth Circuit on November 14, 2003.

On December 3, 2003, VSNL filed in this court a motion to stay the Adversary Proceeding pending its appeal to the Fourth Circuit. In its motion, VSNL argues that the appeal has divested the Bankruptcy Court of jurisdiction and, as such, all proceedings before the Bankruptcy Court should be stayed until the resolution of the appeal. Startec filed an opposition on December 16, 2003, and VSNL filed a reply on December 30, 2003.

## II. Analysis

■ Generally, when an appeal is taken from a final judgment in a federal civil case, jurisdiction over the case is transferred to the appellate court and the trial court loses jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). There is a split of authority among the circuits, and the Fourth Circuit has not explicitly ruled, regarding whether the trial court retains jurisdiction to move forward pending an appeal of an order denying a motion to compel arbitration. VSNL urges the court to adopt the reasoning of the Seventh Circuit in *Bradford–Scott Data Corp., Inc. v. Physician Computer Network, Inc.,* 128 F.3d 504 (7th Cir.1997), to find that an appeal of a refusal to compel arbitration divests the lower court of jurisdiction and that a stay is proper. Startec, and Judge Keir, on the other hand, look to *Britton v. Co–Op Banking Group,* 916 F.2d 1405 (9th Cir. 1990), in which the Ninth Circuit held that an appeal does not prevent a court from proceeding with the independent issues presented in the underlying case. The Second Circuit, in *In re Salomon Inc. Shareholders' Derivative Litigation,* 68 F.3d 554, 557 (2d Cir.1995), also allowed a case to proceed during the pendency of an appeal.[2] The court in *Cambio Health Solutions, LLC v. Reardon,* 228 F.Supp.2d 883, 885–86 (M.D.Tenn.2002), predicted

---

1. The scheduling conference was originally set for December 22, 2003. On December 12, 2003, the parties filed a joint motion to continue the scheduling conference until a later date due to unavoidable travel conflicts. The Bankruptcy Court granted the motion and set the scheduling conference for January 21, 2004.

2. Trial courts in the Second Circuit have interpreted the *Salomon* decision as permitting

cases to proceed in some circumstances: *Motorola Credit Corp. v. Uzan,* 282 F.Supp.2d 133, 136 (S.D.N.Y.2003); *Cendant Corp. v. Forbes,* 72 F.Supp.2d 341, 343 (S.D.N.Y. 1999). On the other hand, in *In re Winimo Realty Corp.,* 270 B.R. 99 (S.D.N.Y.2001), the district court concluded that the filing of a notice of appeal divested the bankruptcy court of jurisdiction over an adversary proceeding. This case will be discussed, *infra.*

that the Sixth Circuit would follow the reasoning of the Seventh Circuit in *Bradford–Scott*.

In *Bradford–Scott*, the Seventh Circuit reasoned that the parties, by entering into an arbitration clause, expressed their preference for non-judicial dispute resolution. According to the court, allowing the matter to proceed pending appeal would erode the chosen benefits of arbitration and risk needless litigation if the appellate court ultimately enforced the arbitration agreement. The claims in dispute arose directly from an agreement entered into by the parties. In *Britton*, the Ninth Circuit acknowledged that filing an appeal generally results in divestiture and transfer of jurisdiction. However, the court also recognized that "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Id.* at 1411 (quoting 9 J. Moore, *Moore's Federal Practice* ¶ 203.11). The court explained. that jurisdiction did not remain over the very issues on appeal if amending such issues would create a moving target for the appellate court. *Id.* at 1411–12. Nonetheless, the district court was not prevented from proceeding with the independent issues presented in the underlying case. *Id.* at 1412.

In *In re Winimo Realty Corp.*, 270 B.R. 99 (S.D.N.Y.2001), the district court concluded that the filing of a notice of appeal divested the bankruptcy court of jurisdiction over an adversary proceeding, despite the decisions of other district judges that, generally, the filing of an appeal from the denial of arbitration did not unalterably result in a stay. Judge Scheindlin concluded that, in the bankruptcy context, when the issue on appeal turned, at least in part, on whether the proceeding before the bankruptcy court was core or non-core,

and the bankruptcy judge's jurisdiction to try the issues turned on the same determination, a stay was necessary:

> Application of the divestiture rule is appropriate in this case because trial of the PILOT Adversary Proceeding will involve a key issue identical to one of the issues involved in the order being appealed. *See In re Allen–Main Assoc.,* 243 B.R. at 608; *In re Prudential Lines,* 170 B.R. at 243. Moreover, issuance of a stay will not implicate any of the public policy concerns raised by courts that have cautioned against application of the divestiture rule in similar circumstances. APDC's appeal, regardless of its likelihood of success, does not appear to be a frivolous motion intended to stall litigation. *See, Britton,* 916 F.2d at 1412 (noting this concern); *Cendant,* 72 F.Supp.2d at 342 (same). Nor would issuance of a stay result in "conflicting or piecemeal determinations." *Cendant,* 72 F.Supp.2d at 342. To the contrary, staying the Bankruptcy Court's proceedings pending appeal will prevent inconsistent rulings and ensure that judicial resources are not wasted on useless litigation.

*Id.* at 108. In this case as well, the issues on appeal turn, in part, on the characterization of the issues as core or non-core.

The Fourth Circuit has not explicitly stated a position on whether an appeal from the denial of arbitration divests the trial court of jurisdiction to proceed. It has, however, expressed a preference for a stay pending such an appeal. In *Techno-Steel, LLC v. Beers Construction Co.,* 271 F.3d 151 (4th Cir.2001), the court suggested that there are circumstances in which a stay is appropriate in order to facilitate orderly review of an order denying arbitration. There, the trial court had denied a motion to compel arbitration and then had transferred the case under 28 U.S.C.

§ 1404(a) to a court outside the Fourth Circuit. The party seeking arbitration then appealed denial of its motion to the Fourth Circuit. The issue was whether the Fourth Circuit retained jurisdiction over the appeal given the transfer of the case to a court in another circuit. The court concluded that it had jurisdiction over the appeal despite the transfer, but commented:

> Obviously, the better practice would be for the district court to stay any transfer for the thirty-day appeal period and, if an appeal is filed, during the time the appeal from the denial of arbitration is pending in our court. According to representations made during oral argument, the same outcome was achieved in this case by obtaining a stay of the litigation in the transferee forum. However, a stay entered by our district court would be the better and easier course.

*Id.* at 161, n. 8. The court did not suggest that the lower court lacked jurisdiction to proceed—only that it was preferable, when a transfer to a district court in another circuit was contemplated, to defer that action pending the appeal.

■ Accordingly, while the issue is obviously not free from doubt, it appears that a stay is not automatically effected whenever an appeal is taken. On the other hand, it is prudent to grant a stay under the circumstances presented here. Although proceeding with discovery would not result in substantial prejudice to either of the parties, neither would a delay of a few more months, assuming that the appeal is pursued with diligence. Furthermore, although VSNL waited the entire thirty-day appeal period to note the appeal, there is no evidence that the appeal to the Fourth Circuit is frivolous or intended solely to stall litigation. Moreover, the issues on appeal include an open question of whether this court, and the Bankruptcy Court before it, correctly analyzed the arbitrability of Startec's claims. Thus, staying the Bankruptcy Court's proceedings pending appeal will prevent any possibility of inconsistent rulings and unnecessary litigation efforts.

## III. Conclusion

For the foregoing reasons, VSNL's motion to stay will be granted. A separate order will follow.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, IT IS this 14th day of January, 2004, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendant/Appellant Videsh Sanchar Nigam Limited to stay the Adversary Proceeding pending appeal from this court's order affirming the Bankruptcy Court's denial of Defendant's motion to compel arbitration BE, and the same hereby IS, GRANTED;

2. The Adversary Proceeding BE, and the same hereby IS, STAYED pending appeal to the United States Court of Appeals for the Fourth Circuit; and

3. The clerk is directed to transmit copies of this Order and the accompanying Memorandum Opinion to counsel for the parties and Bankruptcy Judge Keir.