**Karren Y. HILL, Plaintiff**

v.

**PEOPLESOFT USA, INC., Defendant**

No. RWT 04–CV–237.

United States District Court,
D. Maryland.

Oct. 8, 2004.

Patrick J. Massari, Esquire, Washington, DC, for Plaintiff.

Daniel H. Handman, Esquire, Rockville, MD, for Defendant.

### MEMORANDUM OPINION

TITUS, District Judge.

Plaintiff, Karren Hill, brings this action against PeopleSoft USA, Inc. ("PeopleSoft") alleging sexual harassment (Count I), hostile work environment (Count II), retaliation (Count III) and discrimination based on race (Count IV) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, and the Civil Rights Act of 1991, as amended, and discrimination based on race (Count V) pursuant to 42 U.S.C. § 1981, as amended, and the Civil Rights Act of 1991, as amended.

Pending before the Court is Defendant's Motion to Stay all Proceedings Pending Interlocutory Appeal. On August 31, 2004, this Court issued an order and accompanying Memorandum Opinion denying, *inter alia*, Defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings and to Compel Arbitration. On September, 10, 2004, Defendant filed a notice of interlocutory appeal of this Court's August 31, 2004 order. Defendant now moves to stay all proceedings pending the resolution of its interlocutory appeal.

### DISCUSSION

The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (citations omitted).

Concerning the specific issue of a stay pending denial of a motion to compel arbitration "[t]here is a split of authority among the circuits, and the Fourth Circuit has not explicitly ruled." *In Re Startec Global Communications,* 303 B.R. 605, 607 (D.Md.2004). Thus, in this case, each party relies upon a circuit opinion which supports her or its position because "it appears that a stay is not automatically effected whenever an appeal is taken." *Id.* at 609.

Defendant argues that, following the general rule set forth in *Griggs,* a district court must stay all proceedings pending an interlocutory appeal concerning a district court's denial of a motion to compel arbitration. Defendant finds support for this assertion in the Seventh Circuit case of *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 505–06 (7th Cir.1997). There, the Seventh Circuit held that a case cannot proceed in a district court when an appeal regarding arbitration is pending. *Id.* at 506. According to the Seventh Circuit, an appeal of a district court's order denying arbitration is an appeal regarding the question of whether any aspect of the litigation "may go forward in the district court." *See id.*

The Plaintiff opposes a stay, citing the Ninth Circuit case of *Britton v. Co–Op Banking Group,* 916 F.2d 1405, 1411–12 (9th Cir.1990). The Ninth Circuit cited *Moore's Federal Practice* ¶ 203.11, which states that "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Britton,* 916 F.2d at 1411 (citing *Moore, supra* at ¶ 203.11, 3–54). Applying *Moore's* teachings, the Ninth Circuit concluded that the issue of arbitrability was distinct from the remainder of the case. Therefore, because "an appeal of an interlocutory order does not ordinarily deprive

the district court of jurisdiction except with regard to the matters that are the subject of the appeal[ ]" *Id.* at 1412 (citations omitted), the Ninth Circuit permitted the district court to continue its proceedings.

Although the Fourth Circuit has not directly addressed this issue, a well-reasoned recent holding of this Court offers some guidance. In *In Re Startec Global Communications,* 303 B.R. at 609, Judge Deborah Chasanow concluded that a stay is not to be automatically granted by a district court upon an appeal to the circuit of a decision denying a motion to compel arbitration. Rather, the Court should evaluate prudential concerns in order to determine whether such a stay of all proceedings is appropriate. *Id.* Judge Chasanow, considering the facts of the case before her, concluded that "it is prudent to grant a stay under the circumstances presented here." *Id.* After considering the rather unique circumstances of the current case, the Court concludes that it would not be prudent to grant a blanket stay of *all* proceedings.

A complete stay of all proceedings is not here appropriate because of the Defendant's actions, or rather inactions, in earlier stages of this litigation. This is a case in which the Defendant employer has had a "death bed" conversion to the benefits of arbitration after ignoring and thwarting Plaintiff's initial attempt to arbitrate under the very agreement which the Defendant now seeks to enforce. *See August 31, 2004 Memo Op.* at 4. The Court has already concluded that the arbitration clause under which Defendant seeks to compel arbitration is, under recent Maryland precedent, unenforceable. *See August 31, 2004 Memo Op.* at 7–11; *Cheek v. United Healthcare of the Mid–Atlantic,* 378 Md. 139, 144, 835 A.2d 656 (2003). Prudential concerns dictate that, under these circum-

stance, a plaintiff should not be thwarted in amending her complaint, or moving forward with discovery, by a defendant whose initial cavalier attitude towards arbitration, and belated about-face, have caused potentially prejudicial delays in these proceedings.

The Ninth Circuit, in addition to its reliance on *Moore's*, echoed similar concerns, stating that an automatic stay of proceedings pending arbitration "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Britton*, 916 F.2d at 1412. The Ninth Circuit's concern is well-taken, especially in this case where the recent Maryland Court of Appeals ruling in *Cheek* renders the Defendant's appeal questionable, if not frivolous. Following the reasoning of this Court's decision in *In Re Startec Global Communications*, and buttressed by the Ninth Circuit's uneasiness in *Britton*, a consideration of the circumstances of this case dictate that the requested stay should be denied.

Although this Court will not issue a stay of all proceedings, it is mindful of the undesirable consequences of a ruling on the merits prior to a decision regarding arbitration by the higher court. *See Bradford–Scott*, 128 F.3d at 506 ("The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."). Therefore, this Court will not permit the proceedings to reach the stage of a trial, nor will the Court act upon any motions for summary judgment. The Court will, however, permit discovery to move forward and it will permit the parties to amend their pleadings. The Plaintiff has filed a Motion to Continue Deadline for Moving to Amend the Pleadings Under the Court's Scheduling Order and the Court will, by separate order, grant this motion.

## CONCLUSION

For the reasons stated above the Defendant's appeal of this Court's previous order does not require a stay of all proceedings in this matter. Therefore, Defendant's Motion to Stay all Proceedings Pending Interlocutory Appeal, by separate order, will be DENIED IN PART and GRANTED IN PART and Plaintiff's Motion to Continue Deadline for Moving to Amend the Pleadings Under the Court's Scheduling Order will be GRANTED.

## *ORDER*

Upon consideration of Defendant's Motion to Stay all Proceedings Pending Interlocutory Appeal [Paper No. 26], Plaintiff's Motion to Continue Deadline for Moving to Amend the Pleadings Under the Court's Scheduling Order [Paper No. 31], the opposition thereto, and for the reasons stated in the Memorandum Opinion filed in conjunction with this Order, it is this 8th day of October, 2004, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Stay all Proceedings Pending Interlocutory Appeal [Paper No. 26] is **DENIED in part and GRANTED in part**; and it is further

**ORDERED**, that Plaintiff's Motion to Continue Deadline for Moving to Amend the Pleadings Under the Court's Scheduling Order [Paper No. 31] is **GRANTED.**